No. 26-60007

*(Relates to Notice of Appeal filed January 9, 2026 (Dist. Ct. Dkt. 61))*

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

EHIREMEN BENNARD ERIAKHA,

PLAINTIFF-APPELLANT,

V.

UNIVERSITY OF MISSISSIPPI, ET AL.,

DEFENDANTS-APPELLEES.

*U.S. COURT OF APPEALS*
**RECEIVED**
**Jan 15, 2026**
*FIFTH CIRCUIT*

ON APPEAL FROM THE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF MISSISSIPPI, OXFORD DIVISION

CIVIL ACTION NO. 3:25-CV-00226-MPM-JMV (LEAD CASE)

(CONSOLIDATED WITH CIVIL ACTION NO. 3:25-CV-00250-DMB-RP)

**APPELLANT'S MOTION FOR PROCEDURAL CLARIFICATION AND**

**TO DESIGNATE OPERATIVE EMERGENCY MOTION**

**EMERGENCY REQUEST FOR EXPEDITED ROUTING**

**(JANUARY 15, 2026)**

1

Appellant Ehiremen Bennard Eriakha, proceeding pro se, respectfully moves under *Fed. R. App. P. 27* and *5th Cir. R. 27* for procedural clarification directing that Appellant's emergency motion filed in the final-judgment appeal posture be treated as the operative request for interim relief and routed for disposition, rather than administratively treated as duplicative of a prior emergency motion filed in the interlocutory appeal posture.

Because the operative emergency motion concerns time-sensitive harms scheduled to occur on or before **January 20, 2026**, Appellant respectfully requests expedited routing for disposition on **January 15, 2026**.

I.   BACKGROUND

**1.  January 6, 2026 (Interlocutory Appeal Under § 1292(a)(1)).**

On January 6, 2026, Appellant filed a notice of appeal in the United States District Court for the Northern District of Mississippi invoking interlocutory jurisdiction under *28 U.S.C. § 1292(a)(1)* based on the district court's effective denial of injunctive relief arising from its failure to rule on Appellant's Renewed Motion for Temporary Restraining Order (*Dist. Ct. Dkt. 15*) and Renewed Motion for Preliminary Injunction (*Dist. Ct. Dkt. 16*) in Civil Action No. 3:25-cv-250-DMB-RP.

**2.  January 7, 2026 (Interlocutory Emergency Motion).**

On January 7, 2026, at approximately 11:00 a.m., Appellant filed an emergency motion in this Court seeking narrow, provisional relief pending interlocutory review under *§ 1292(a)(1)*. Later that day, at approximately 2:19 p.m., the district court entered final judgment dismissing the underlying action with prejudice and denying Appellant's pending **Rule 65** motions as moot. (***Dist. Ct. Dkt. 58***).

### 3. January 8, 2026 (Denial of Interlocutory Emergency Motion).

On January 8, 2026, this Court entered an order denying Appellant's January 7 interlocutory emergency motion.

### 4. January 9, 2026 (Appeal as of Right From Final Judgment Under § 1291).

On January 9, 2026, Appellant filed a timely notice of appeal from the district court's final judgment pursuant to ***28 U.S.C. § 1291*** and ***Fed. R. App. P. 3–4***. (***Dist. Ct. Dkt. 61***). Appellant also filed a **Rule 10(b)** statement reflecting that no transcript is required because the case was resolved on the motion to dismiss. (***Dist. Ct. Dkt. 62***).

### 5. January 13–14, 2026 (Post–Final Judgment Emergency Motion).

On January 13, 2026, Appellant filed an emergency motion seeking narrow, provisional relief pending appeal from final judgment under *§ 1291*.

On January 14, 2026, Appellant was advised by the Clerk's Office that the docket reflects no action would be taken on the January 13 emergency motion because the

3

earlier interlocutory emergency motion had already been denied and the later appeal as of right emergency motion was being treated as duplicative.

Appellant submits the present motion solely to eliminate that administrative barrier and ensure the Court considers the January 13 emergency motion in its correct post–final judgment posture.

## II. Procedural Clarification and Designation of Operative Emergency Motion

### 1. The January 13 Emergency Motion Is Not Duplicative Because It Arises in a Distinct Jurisdictional Posture

The January 13, 2026 emergency motion cannot be duplicative of the January 7 emergency motion because the two requests arise from different jurisdictional predicates and different appellate postures.

The January 6 notice of appeal invoked this Court's interlocutory jurisdiction under *28 U.S.C. § 1292(a)(1)* based on the district court's effective denial of injunctive relief, and the January 7 emergency motion sought interim relief pending interlocutory review.

The January 9 notice of appeal, by contrast, invoked this Court's appellate jurisdiction under *28 U.S.C. § 1291* following entry of final judgment, and the

January 13 emergency motion seeks interim relief pending appeal of that final judgment.

Interlocutory and final-judgment appeals "*involve separate jurisdictional predicates.*" **See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 42 (1995)**.

The Court's January 8 order denied the emergency request presented in the interlocutory posture. The January 13 motion presents a distinct **Rule 8** request for interim relief pending appeal of a final judgment, for which the stay/injunction-pending-appeal framework applies. *See **Hilton v. Braunskill, 481 U.S. 770, 776 (1987)***. The January 8 denial therefore cannot operate as a bar to evaluation of the January 13 motion in the post–final judgment appeal posture.

## 2. Administrative Assignment Under One Docket Number Does Not Convert Distinct Appeals Into Duplicative Motions

To the extent the Clerk's Office has administratively assigned both the interlocutory appeal and the final-judgment appeal to No. 26-60007 for docket-management purposes, that administrative handling does not collapse the distinct statutory bases of jurisdiction or render a post–final judgment **Rule 8** request duplicative. Appellant's January 13 emergency motion was filed pursuant to his appeal as of right from final judgment under *§ 1291* and is a new emergency request in a new appellate posture.

### 3. This Motion Seeks Routing Clarity—Not Rehearing or Reconsideration

Appellant does not ask the Court to revisit the January 8 denial of the January 7 interlocutory emergency motion. Appellant requests a narrow procedural directive designating the January 13 emergency motion as the operative emergency request in the post–final judgment appeal posture and ensuring it is routed for disposition.

### 4. Absent Clarification, Docket Mechanics Are Preventing Consideration of The Operative Request

As conveyed by the Clerk's Office, the January 13 emergency motion is not being acted upon because the earlier interlocutory emergency motion was denied and the later filing is being treated as duplicative. Without a clarifying designation of the operative motion, that docket-management label functions as a procedural bar to consideration of the January 13 emergency motion irrespective of its merits.

## III. Relief Requested

Appellant respectfully requests that the Court enter an order:

1. Clarifying that No. 26-60007 is the operative docket for Appellant's appeal as of right from final judgment;
2. Designating Appellant's January 13, 2026 emergency motion as the operative emergency motion for interim relief in the post–final judgment posture;

3. Directing that the January 8 denial of the earlier interlocutory emergency motion shall not be treated as a bar to consideration of the January 13 post–final judgment emergency motion, and that the earlier interlocutory emergency motion is superseded for docket-management purposes; and

4. Directing the Clerk to submit the operative January 13, 2026 emergency motion to the motions panel on an expedited basis for disposition in the *§ 1291* post–final judgment appeal posture.

This motion seeks only procedural clarification and proper routing and does not request reconsideration of any prior order.

Respectfully submitted,

/s/ Ehiremen Bennard Eriakha
Ehiremen Bennard Eriakha
Plaintiff-Appellant, pro se
1802 Jackson Ave. W., Apt. 83
Oxford, MS 38655
Tel: (662) 281-4676
Email: eriakhabernard@gmail.com
Dated: January 15, 2026

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and Fifth Circuit Rule 25.2, I certify that on January 15, 2026, I served a true and correct copy of the foregoing motion for procedural clarification and to designate operative emergency motion as follows:

Via electronic filing / email (Fifth Circuit Pro Se Filings):
Clerk's Office
United States Court of Appeals for the Fifth Circuit
Email: pro_se@ca5.uscourts.gov


Via email (Counsel for Appellees):
Paul B. Watkins, Esq.
Mayo Mallette PLLC
Email: pwatkins@mayomallette.com

Brooke Jackson, Esq.
Mayo Mallette PLLC
Email: bjackson@mayomallette.com


Executed this 15th day of January, 2026.

Respectfully submitted,

/s/ Ehiremen Bennard Eriakha
Ehiremen Bennard Eriakha
Plaintiff-Appellant, pro se
1802 Jackson Ave. W., Apt. 83
Oxford, MS 38655
Tel: (662) 281-4676
Email: eriakhabernard@gmail.com